Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Robert L. Hyde (SBN: 227183)
rlhyde@icloud.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Jamael Edwards

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAEL EDWARDS, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | CLASS ACTION COMPLAINT FOR VIOLATIONS OF: |
| vs. | 1. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, et seq.; AND |
| APEX BUSINESS SOLUTIONS, a/k/a APEX BUSINESS SOLUTIONS, LLC; JOSHUA NEAL and JOLINE NEAL, | 2. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, et seq. |
| Defendants. | JURY TRIAL DEMANDED |

///
///
///
///
///
///
///
///
///

**Introduction**

1. Plaintiff, Jamael Edwards ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Defendants Apex Business Solutions, a/k/a Apex Business Solutions, LLC, Joshua Neal, and Joline Neal (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that specifically pertain to a plaintiff, in which that plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of those statutes cited in their entirety.

4. Unless otherwise stated, all the conduct engaged in here took place in California.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

6. Defendants Joshua Neal and Joline Neal specifically authorized, directed or participated in the illegal conduct described here and specifically knew or reasonably should have known that the conduct described herein could injure plaintiff, and these two defendants failed to take or order appropriate action to avoid that harm.

7. Defendants Joshua Neal and Joline Neal are personally liable for damages caused by the described fraud and deceit described herein.

8. Under California's alter ego doctrine, Joshua Neal and Joline Neal are personally liable for any damages herein San Diego there is a unity of interest between Apex Business Solutions, LLC and its equitable owners that the separate personalities of the corporation, and the shareholders do not in reality

exist. Further, there would be an inequitable result if the acts in question were to be treated as those of the corporation alone.

9. All violations alleged regarding the statutes herein are material violations of said statutes as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## Jurisdiction and Venue

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

12. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("Rosenthal Act").

13. Because Defendants do business within the State of California, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391.

15. At all times relevant, Defendants conducted business within the State of California.

## Parties

16. Plaintiff is a natural person who resides within this district in the City of Irvine, State of California.

17. Defendants have a principal place of business within this district in the City of Colton, State of California and maintain a mailing address in the City of Rialto, in the State of California.

18. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

19. All Defendants are self-described debt collectors, and persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

20. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

21. Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### Factual Allegations

23. Sometime prior to January 20, 2021, Plaintiff allegedly incurred a financial obligation to Verizon.

24. Verizon is a "creditor" as defined by 15 U.S.C. § 1692a(4) and Cal. Civ. Code 1788.2(i).

25. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "person" under Cal. Civ. Code 1788.2(g).

26. Sometime thereafter, but before January 20, 2021, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

27. As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

28. Prior to January 20, 2021, Verizon, either directly or through intermediate transactions, assigned, placed or transferred the alleged debt arising from the Verizon obligation to Defendants for purposes of collection.

29. At the time the allege debt arising from the Verizon obligation was assigned, placed, or transferred to Defendants such obligation was in default.

30. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

31. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

32. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

33. Defendants are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

34. Subsequently, but before January 20, 2021, the alleged debt was assigned, placed, or otherwise transferred to Defendants for collection.

35. On or about January 20, 2021, Defendants mailed, or caused to be mailed, a dunning letter to Plaintiff. A few days later Plaintiff received that letter.[1]

---

[1] A true and correct redacted copy of the letter is attached hereto as Exhibit A.

36. The January 20, 2021 letter was a "communication" as defined by 15 U.S.C. § 1692a(2) and as anticipated by the California Rosenthal Act.

37. This January 20, 2021 letter claimed to have been sent by Apex Business Solutions, which is a d/b/a for Defendants Joshua Neal and Joline Neal.

38. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

39. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

40. In this January 20, 2021 letter, Defendants made a number of false representations to Plaintiff that violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("Rosenthal Act"), including, but not limited to:

   a) Defendants' representation that Plaintiff owed Defendants $3,040.46 for a debt that originated with "Verizon";

   b) Defendants' representation that this alleged debt included $1,667.82 for a "charge-off balance";

   c) Defendants' representation that this alleged debt included $1,372.64 for "interest";

   d) Defendants' representation that Defendants intended to file a Form 1099-C with the Internal Revenue Service.

41. In this January 20, 2021 letter, Defendants requested payment from Plaintiff of "a one time payment in the amount of $608.09" or "six payments in the amount of $129.15."

42. In this January 20, 2021 letter, Defendants also falsely and deceptively stated that "Should you choose to not take advantage of this offer, we will have to

write this debt off our books and report it as an "uncollectable" debt to the I.R.S. through a 1099-C filing. The I.R.S. will add the money you owe Apex Business Solutions to your total taxable income."

43. In this January 20, 2021 letter, Defendants further falsely and deceptively stated, with a font that was bold faced and emphasized, "**They will expect you to pay taxes on that income, which could exceed 50% depending on your circumstances**."

44. In this January 20, 2021 letter, Defendants stated "if no settlement is agreeable, please use the form on the next page to file with your 2020 taxes."

45. Contrary to the representations by Defendants to Plaintiff, there is no possible scenario or set of consequences in which the Internal Revenue Service could, or would, demand Plaintiff to pay an amount in taxes exceeding 50% of the alleged debt.

46. This January 20, 2021 letter was designed to mislead the least sophisticated debtor into believing that if the debtor did not pay Defendants the money demanded, Defendants would take actions that would cause Plaintiff to be expected to pay the Internal Revenue Service over 50% of the alleged debt, when in fact this was untrue and not possible.

47. Further, the language presented in Defendants' January 20, 2021 letter was deceptive, misleading, and confusing to Plaintiff, a least sophisticated consumer, as it could be read to mean that the entire amount Defendants claimed to be owed, including both principal and interest, would be reported by Defendants "as an "uncollectable" debt to the I.R.S. through a 1099-C filing. The I.R.S. will add the money you owe Apex Business Solutions to your total taxable income."  Defendants' I.R.S. reporting threat is confusing, and fails to explain in clear terms, to a least sophisticated consumer like Plaintiff, whether the entire amount Defendants claimed to be owed (including principal and interest) or only the claimed principal balance owed, would be reported to the

IRS, if such a reporting was in fact made by Defendants. Further, it is unclear and confusing to a least sophisticated consumer like Plaintiff, what amount Defendants are referring to in their threat that Plaintiff will be expected to pay taxes to the I.R.S. "which could exceed 50%" on "that income."

48. This January 20, 2021 letter was a false, deceptive, and misleading representation or means in connection with the collection of a debt, and consequently it was a material violation of both the FDCPA and the California Rosenthal Act.

49. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

50. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

51. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

52. Because the above conduct violated the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Act, through California Civil Code § 1788.17, Defendants' above-alleged conduct and/or omissions also violated Cal. Civ. Code § 1788.17.

53. This January 20, 2021 letter, which was Defendants' initial communication to Plaintiff, failed to provide Plaintiff with proper written notice as required by 15 U.S.C. § 1692g.

54. This January 20, 2021 letter, which was Defendants' initial communication to Plaintiff, failed to provide Plaintiff with the required mini Miranda notice as

required by 15 U.S.C. § 1692e(11), advising Plaintiff that Defendants are debt collectors attempting to collect a debt and that any information obtained will be used for that purpose.

55. Moreover, this January 20, 2021 letter, which was Defendants' initial communication to Plaintiff, failed to disclose to Plaintiff that the debt that was the subject of the letter was time-barred, that the law limits how long Plaintiff could be sued for a debt, that Defendants would or could not sue Plaintiff for the debt, or that Defendants would or could not report the alleged debt to any credit reporting agency, because of the age the debt. The January 20, 2021 letter from Defendants also failed to advise Plaintiff that if Plaintiff were to make a payment toward the alleged debt that it may restart the applicable statute of limitations.

56. As a result of Defendants' unfair, deceptive, false, harassing, and oppressive conduct in connection with its debt collection activities, Plaintiff was confused, deceived, and misled by Defendant's debt collection communications and has suffered mental anguish, anxiousness, stress, fear, lost sleep and felt feelings of despair as a result of Defendant's conduct and communications.

## Class Action Allegations

57. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from Defendants which are in violation of the FDCPA or the California Rosenthal Act, as described in this Complaint. This action is properly maintained as a Class Action.

58. Plaintiff represents and is a member of the Class consisting of:

> All consumers in the United States who were sent a collection letter from Defendants, substantially similar to the collection letter sent to Plaintiff, within one year prior to the filing of the Complaint in this action

59. In addition, Plaintiff is also a representative and a member of the SubClass consisting of:

> All consumers with an address within the State of California who were sent collection letter from Defendants, substantially similar to the collection letter sent to Plaintiff, within one year prior to the filing of the Complaint in this action.

60. The Class satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure for maintaining a class action:

- the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA and/or the California Rosenthal Act. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether Defendants violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§ 1692d, 1692e and 1692f, 1692g, and subsections cited therein;

   b. Whether Defendants violated various provisions of the California Rosenthal Act, including, but not limited to the above cited sections of the FDCPA, and subsections cited therein, as that sections and subsection are incorporated by the California Rosenthal Act;

   c. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is

      the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

61. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

62. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

63. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

64. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

65. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains; and

66. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

//
//

## Causes of Action

### Count I
### Violation of the Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. §§ 1692, et seq.

67. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

68. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.

69. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### Count II
### Violation of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)
### Cal. Civ. Code §§ 1788, et seq.

70. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

71. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788, et seq.

72. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

## Prayer For Relief

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendants as follows:

- Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative of the Class and the SubClass

defined herein or as certified by the Court, and appointing Plaintiff's counsel, Mona Amini and Robert L. Hyde and the law firm of Kazerouni Law Group, APC, as Class Counsel;

- Awarding Plaintiff and each member of the Class and the SubClass maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA and Cal. Civ. Code § 1788.30(b) of the California Rosenthal Act;

- Awarding Plaintiff and the Class actual damages;

- Awarding pre-judgment interest;

- Awarding post-judgment interest;

- Awarding reasonable attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA and Cal. Civ. Code § 1788.30(c) of the California Rosenthal Act; and

- Awarding Plaintiff and each member of the Class and the SubClass any such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

73. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 1, 2021　　　　　　　　　Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: *s/ Mona Amini*
　　MONA AMINI, ESQ.
　　*Attorneys for Plaintiff*

# EXHIBIT A

# APEX BUSINESS SOLUTIONS

2026 N Riverside Ave Ste C-188
Rialto, CA. 92377
Phone (800) 492-7954

January 20, 2021

Jamael Edwards

## NOTICE OF INTENTION TO FILE AN I.R.S. 1099-C FORM

Apex Business Solutions is the legal owner of the account referenced in the box below. This debt is scheduled to be discharged and will be reported to the **I.R.S. through a 1099-C filing** for the 2020 tax year as uncollectable debt. The basis for reporting this debt is due to the statute of limitations or expiration of deficiency period as indicated by the identifiable event code "C" found in box 6 on the I.R.S. 1099-C Cancellation of Debt form found on the following page.

| | |
|---|---|
| ORIGINAL CREDITOR | VERIZON |
| CURRENT ACCOUNT NUMBER | |
| CURRENT CREDITOR | Apex Business Solutions |
| CHARGE-OFF BALANCE | $1,667.82 |
| INTEREST | $1,372.64 |
| TOTAL AMOUNT OWED | $3,040.46 |
| CHARGE OFF DATE | 10/13/2012 |
| CLIENT CLAIM NUMBER | |

As a courtesy, Apex Business Solutions is willing to offer you the opportunity to satisfy this debt for a discounted rate that forgives the interest that has accrued as well as a portion of the principal balance.

**\* Apex Business Solutions will accept a one-time payment in the amount of $608.09**

**\* Apex Business Solutions will accept 6 payments in the amount of $129.15**

*If you wish to settle this matter but the above payment options are not feasible, please contact our office to speak with one of our account managers that can discuss alternative payment terms that suit your financial needs.*

Should you choose to not take advantage of this offer, we will have to write this debt off our books and report it as an "uncollectable" debt to the I.R.S. through a 1099-C filing. The I.R.S. will add the money you owe Apex Business Solutions to your total taxable income. **They will expect you to pay taxes on that income, which could exceed 50% depending on your circumstances.**

If no settlement is agreeable, please use the form on the next page to file with your 2020 taxes